STATE on the relation of JOHN N. WHITFORD and wife *v*. WILLIAM FOY.

Where, upon appeal, an imperfect account was brought up to this Court, and the judgment of the Court below modified: *It was held*, that this Court has authority to refer such account to its clerk, to be reformed so as to correspond with its judgment in such appeal.

CIVIL ACTION, on a guardian bond, tried at the Fall Term, 1874, of the Superior Court of CRAVEN county, before his Honor, Judge *Seymour.*

This suit originally commenced at Spring Term, 1866, and was before this Court at January Term, 1871, (See 65 N. C. Rep., 265,) on exceptions, by plaintiffs and by the defendant, to the report of the Clerk of the Court below, to whom it had been referred to state an account of the defendant's guardianship.

On the last trial in the Superior Court, the plaintiffs offered the judgment rendered in the Supreme Court, at the said January Term, 1871, as evidence to the jury. To this the defenlant objected, on the following grounds:

1. Because if the paper offered was asked to be regarded as a judgment, it could not be so regarded, as it was not competent for the Supreme Court to render a judgment for any sum whatever upon an appeal from an interlocutory order or judgment of the Superior Court; and especially as no judgment for any sum had been rendered in the Superior Court.

2. That if said paper was offered as a report on an account taken in the cause, it was not such, as it did not profess to be such, or to be required by any reference; but was a statement by the Court that their Clerk had made a report to them of certain facts, which report was affirmed.

3. That there was no authority in the Supreme Court to refer the taking an account in an action at law, to their Clerk; and that any facts reported by him, or account stated, was not evidence on which the Superior Court could act, and was not evidence at all to that Court.

4. That the Superior Court could not receive as evidence any account or report thereon, except made by its own referee, or the statement by consent of parties.

5. That said paper, whether regarded as a report or a judgment, was incomplete, as it assumes that there are notes in the hands of the defendant, exceeding the amount which the defendant is allowed by said order to pay as cash in part satisfaction of the amount stated to be due.

These objections were overruled by the Court, and the defendant excepted.

The defendant then offered to show, that there were in the aggregate the sum of $23,000 in bonds, which not being disposed of in said order or judgment or report, that he was entit'ed to show that fact in the cause; and further, that all of the notes in the hands of the defendant were taken in good faith by him as guardian, for the exclusive benefit of his wards; and that all of said notes were good when taken, and that all had been lost by the events of the late war, without laches or fault on the part of the defendant. The defendant further offered to show, that he had tendered all of said notes to the plaintiffs as their property, and which they were bound to receive, but they had refused to so receive the same; and the defendant then insisted, that he was not indebted to the plaintiffs, had committed no breach of his guardian bond, but that he had in all things faithfully performed the conditions thereof.

This evidence was objected to and ruled out by the Court, whereupon the defendant excepted.

The jury returned a verdict for the plaintiff. Motion by defendant for a new trial; motion overruled. Judgment and appeal by defendant.

*Haughton* and *Battle & Son,* for appellant.
*Smith & Strong,* contra.

PEARSON, C. J. The question is: Action on guardian bond; pleas general issue, conditions performed, award and satisfaction; reference to state the account; exceptions to the report, the Court sustains some of the exceptions and overrules others, appeal to the Supreme Court, by both parties. In the Supreme Court, some of the exceptions are sustained and others overruled, and thereupon the Supreme Court refers the account to the Clerk to be reformed; report filed; exceptions overruled, report modified by consent, and confirmed and ordered to be certified to the Court below. Did the Supreme Court have power to refer the account, in order to have it re-

formed and confirmed, or was it the province of the Supreme Court, merely to pass upon the exceptions and order its declarations of opinion, in respect to the exceptions filed in the Court below, to be certified ?

In the Superior Court the reception of the account, as reformed and confirmed, was objected to on the ground, that the Supreme Court acted *ultra vires* in having the account reformed, and making the order confirming the report, and so the record of the Supreme Court certified by the Clerk, and offered in evidence upon the question of damages, ought to be treated as a nullity.

A jury is not a competent tribunal to take an account. For this reason, in actions on the bonds of guardians, the Court is authorized to refer the matter of account to a commissioner " who shall state an account, under the same rules and regulations, as are provided for stating accounts in courts of equity, and his report, when confirmed by the Court, shall be conclusive of the amount of the plaintiff's demand. Rev. Code, chap. 31, sec 114.

In this case, exceptions were filed to the report of the commissioner, both on the part of the plaintiff and of the defendant: his Honor in the Court below, sustained some of the exceptions and overruled others; and both parties being dissatisfied with his ruling, he allowed them to appeal, and the report of the commissioner was not reformed according to his rulings, and there was no confirmation of the report, so the account when it left that Court, was in an unfinished state.

 The exceptions and the rulings of his Honor, in regard thereto, after full argument and consideration by this Court, were, as to some, sustained, and as to the others overruled, and a reference was made to the clerk here, to reform the account ; and upon the coming in of his report, after certain modifications by the consent of the attorneys of the parties, the report was confirmed and it was ordered that the opinion of this Court, together with the account as reformed and confirmed, should be certified to the Court below. It was necessary to have the

account reformed, in order to make it conform to the ruling of this Court. This could be more readily done under the supervision of this Court, where the exceptions had been finally disposed of, than it could be in the Court below, upon a certificate of the ruling of this Court, in respect to the exceptions, and in pursuance of the rules and regulations provided for stating accounts in courts of equity. The report was reformed and confirmed here, instead of being reformed and confirmed in the Court below, according to the directions of the Court here, certified to the Court below.

Such has been the mode of procedure during my experience in regard to the construction of the statute allowing a reference in actions on guardian bonds; to state the account as a rule of damages.

The appeal from the *ruling* of the *Judge below*, was not treated as an appeal from the interlocutory judgment, sentence or decree at law or in equity of the Superior Court, but under the rules and regulations provided for stating accounts in courts of equity, was adopted as a mode of coming to a final settlement of complicated accounts; otherwise the appeal must have been dismissed, because there had been no interlocutory judgment, sentence or decree, at law or in equity.

No authority or precedent was referred to in support of the position contended for, in regard to the statutes regulating appeals, so, long usage and the reason of the thing turn the scales.

Assuming that, according to the strict construction of the several statutes in regard to appeals, in spite of the precedents and long usages, there was irregularity in having the account reformed, then, instead of giving instructions by which it should be reformed in the Court below, the more orderly mode of proceeding was by a petition to re-hear in this Court; the order directing the clerk to reform the account, especially as the reference to reform the report made in this Court was pending, and the counsel for both parties had concurred, and

taken part in the proceedings to have the account reformed in this Cour', for many term-.

The counsel for the defendant takes the position that he had a right to make the objection in the Court below, and disclaims all intention of disrespect or want of subordination. He certainly had a right to make the objection to the admissibility of the evidence in the Court below, and we never for a moment entertained the idea that any disrespect or insubordination was intended; on the contrary, we are satisfied that his client is about to be subjected to a heavy loss, owing, in a great measure, to the results of the war, and we account for this last effort on the principle, "a drowning man will catch at a straw."

There is no ground on which to arrest the judgment; it is for the penalty of the bond to be discharged by payment of the damages. Any error in the calculation of interest here is not ground for arresting the judgment.

No error.

PER CURIAM.                                    Judgment affirmed.